[No. B197513. Second Dist., Div. One. Oct. 9, 2008.]

ERNEST KETTENRING, Plaintiff and Appellant, v.
LOS ANGELES UNIFIED SCHOOL DISTRICT, Defendant and
Respondent.

508

## COUNSEL

Spiro Moss Barness and Gregory N. Karasik for Plaintiff and Appellant.

Littler Mendelson, Connie L. Michaels and Barrett K. Green for Defendant and Respondent.

## OPINION

**HASTINGS, J.**[*]—The Los Angeles Unified School District (LAUSD or District) pays adult education teachers a regular periodic amount, identified as a "salary" in the applicable collective bargaining agreement, calculated by multiplying a flat hourly rate for each hour of classroom teaching. LAUSD does not pay for additional time spent outside of classroom instruction for preparation, grading or other tasks in connection with the class. Ernest Kettenring, an adult education teacher in the District, filed a class action lawsuit alleging that the compensation structure violates state minimum wage laws. At the parties' request, the trial court ruled on "threshold legal issues" based on stipulated facts, and determined that the Labor Code's minimum wage provisions did not apply to the District. Kettenring then filed a petition for a writ of mandate arguing that the structure as applied to part-time adult education teachers violated the Education Code. The trial court denied the petition. Kettenring appealed.

We conclude that adult education teachers fall within the professional exemption to Industrial Welfare Commission wage order No. 4-2001. We also affirm the court's conclusion that the salary structure does not violate Education Code section 45025, which requires proportional compensation for part-time employees.

## BACKGROUND

We base these facts on the joint stipulated facts filed by the parties and on the collective bargaining agreement (CBA) between LAUSD and United Teachers Los Angeles (UTLA), which represents both regular and adult education teachers.

LAUSD provides regular instruction to more than 900,000 children throughout Los Angeles in kindergarten through 12th grade, and also teaches approximately 90,000 adult students. The District's adult education program

[*]Retired Associate Justice of the Court of Appeal, Second Appellate District, Division Five, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

includes basic and secondary education, citizenship preparation, English as a second language, literacy, parenting and family education, and programs for adults with disabilities.

Under the CBA, "regular education teachers generally receive an annual salary according to a salary schedule" which increases based on years of experience and education. Article XXI of the CBA governs "Adult and Career Education," and provides that adult education teachers assigned more than 10 hours per week are within the bargaining unit. Pursuant to appendix E of the CBA, titled "Salary Tables and Rates," adult education teachers are compensated on a flat hourly rate for each unit-hour of classroom instruction. The rate includes step advancement and pay increases based on years of teaching experience. In 2004-2005, the hourly rate was between $35.58 and $46.46.

Article IX, section 3.0 provides that regular education teachers have a minimum uniform onsite obligation. Section 3.3 requires adult education teachers to be on site 10 minutes before and after their first and last classes of each day. Section 4.0 requires that *all* teachers, regular education and adult education alike, perform related professional duties outside of classroom hours, such as preparation, planning, grading, supervising students, or participating in District programs.[1] These sections, and the practice of paying adult education teachers according to an hourly rate multiplied by the number of unit-hours taught, have been part of the bargaining agreement between the District and the UTLA since 1978.

Ernest Kettenring and Veta Patrick, both adult education teachers, filed a complaint against the District on November 29, 2005, asserting a putative class action on behalf of themselves and other adult education teachers to

[1] "3.3 Adult education employees shall be at their assigned duty station at least ten (10) minutes before the first daily class or other assignment begins, shall remain at their assigned duty station at least ten (10) minutes after the last class or other scheduled period of work ends and shall also remain on-site beyond the minimum on-site hours as reasonably necessary to perform duties described in Section 4.0, below. [¶] . . . [¶]

"4.0 Other Professional Duties: Each employee is responsible not only for classroom duties (or, in the case of non-classroom teachers, scheduled duties) for which properly credentialed, but also for all related professional duties. Such professional duties include the following examples: instructional planning; preparing lesson plans in a format appropriate to the teacher's assignment; preparing and selecting instructional materials; reviewing and evaluating the work of pupils; communicating and conferring with pupils, parents, staff and administrators; maintaining appropriate records; providing leadership and supervision of student activities and organizations; supervising pupils both within and outside the classroom; supervising teacher aides when assigned; cooperating in parent, community and open house activities; participating in staff development programs, professional activities related to their assignment, independent study and otherwise keeping current with developments within their areas or subjects of assignment; assuming reasonable responsibility for the proper use and control of District property, equipment, material and supplies; and attending faculty, departmental, grade level and other meetings called or approved by the immediate administrator."

recover what they term as "unpaid hourly wages" for time spent working outside of classroom instruction. (Patrick did not join Kettenring in this appeal.) Kettenring contended the compensation structure required him and other adult education teachers to work without pay for the mandated time spent before and after classroom instruction, including meetings, preparation, and grading. He asserted claims under Labor Code section 1194 for unpaid minimum wages and failure to pay wages timely under Labor Code section 204. He also asserted claims for waiting time penalties under Labor Code section 203 on behalf of adult education teachers no longer working for the District.

The District answered, and the parties stipulated that the trial court hear a preliminary motion to determine "difficult and novel . . . threshold legal issues":

1. Does Labor Code section 203 or 204 apply to the District?

2. Is the District's payment arrangement for adult education teachers authorized under Government Code section 3540 (the Educational Employment Relations Act) and the Education Code, irrespective of Labor Code section 1194 and wage order No. 4-2001?

3. Does the payment system qualify as a piece-rate system under wage order No. 4-2001, assuming the wage order applies?

4. Are adult education teachers exempt under the professional exemption?

The parties filed a "Joint Stipulation and Statement" and stipulated to relevant facts, including that "[u]nder the existing CBA . . . adult education teachers are paid a *salary* based on a flat hourly rate that corresponds to each hour of classroom instruction. The *salary* structure provides for an increasing rate based on years of teaching experience." (Italics added.) The CBA also required the adult education teachers to be present 10 minutes before and after their first and last classes of the day, and required the teachers to perform a variety of related professional duties outside the classroom.

The trial court heard argument on the motion and issued its ruling on June 16, 2006. The court concluded:

1. Labor Code sections 203 and 204 did not apply to the District.

2. The payment schedule for adult education teachers was authorized by Government Code section 3540 and the Education Code.

3. The payment system was a "task-based" compensation under wage order No. 4-2001, and

4. Whether adult education teachers were exempt from wage order No. 4-2001 called for a premature factual determination.

In a joint statement, the parties agreed that the ruling was equivalent to a decision that Kettenring's complaint did not state facts sufficient to constitute a cause of action under the Labor Code, and/or that Kettenring had no remedy against the District under the code. The statement also announced that Kettenring planned to pursue claims against the District for a violation of Education Code section 45025. The court allowed Kettenring to proceed with a petition for a writ of mandate, which Kettenring filed on July 28, 2006.

After oral argument, the trial court issued a ruling and order regarding petition for a writ of mandate on October 31, 2006, concluding that Kettenring had not demonstrated that LAUSD had violated Education Code section 45025. The court entered judgment for the District on January 9, 2007, and Kettenring filed this timely appeal.

## STANDARD OF REVIEW

We review de novo the trial court's application of law to stipulated facts, and may affirm the decision if it is correct on any ground, so long as the parties have had an opportunity to address the issue on appeal. (*Syngenta Crop Protection, Inc. v. Helliker* (2006) 138 Cal.App.4th 1135, 1155 [42 Cal.Rptr.3d 191].)

## DISCUSSION

I. *Adult Education Teachers Qualify for the Professional Exemption from Wage Order No. 4-2001*

■ Kettenring's complaint alleged that the District violated Labor Code section 1197 and California's Industrial Welfare Commission (IWC) wage order No. 4-2001 by failing to pay adult education teachers at least the hourly minimum wage for the hours they work outside of classroom instruction.[2] Labor Code section 1197 requires employers to pay the minimum wage, and Labor Code section 1194 authorizes an employee who receives less than the applicable legal minimum wage, or who has not been paid for overtime, to sue the employer.

---

[2] Although the Legislature defunded the IWC in 2004, its wage orders remain in effect. (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1102, fn. 4 [56 Cal.Rptr.3d 880, 155 P.3d 284].)

■ Labor Code section 515, subdivision (a), authorizes the IWC to create an exemption from overtime pay for "executive, administrative, and professional employees." The IWC adopted wage order No. 4-2001 (Cal. Code Regs., tit. 8, § 11040), which provides that employers must pay employees "not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise." (Wage order No. 4-2001, § 4(B).) The wage order includes a "professional exemption" which applies to anyone "licensed or certified by the State of California and . . . primarily engaged in the practice of . . . *teaching*," who "customarily and regularly exercises discretion and independent judgment in the performance of duties," and who "earns a *monthly salary equivalent* to no less than two (2) times the state minimum wage for full-time employment" (40 hours per week). (Wage order No. 4-2001, § 1(A)(3)(a), (c), (d), italics added.) The employer claiming the professional exemption—here, the District—has the burden to prove that the employees are exempt. (*Ramirez v. Yosemite Water Co.* (1999) 20 Cal.4th 785, 794–795 [85 Cal.Rptr.2d 844, 978 P.2d 2].)

No party disputes that the adult education teachers are certified by the State of California, are engaged in teaching, exercise independent judgment, and earn, as reflected in the "salary" schedule in the CBA, a monthly compensation far higher than two times the state minimum wage for full-time employment.[3] Their job duties and pay amount therefore qualify the adult education teachers for the professional exemption. Kettenring argues, however, that despite the parties' continuing use of the term "salary," the compensation structure is not a true "salary" for application of the professional exemption to the wage order. We disagree.

■ The federal Fair Labor Standards Act of 1938 (29 U.S.C. § 201 et seq.) applies a "salary basis test" to determine whether employees who are classified by their employers as "salaried," and therefore exempt from minimum wage and overtime requirements, are in fact properly subject to exemption. (See *Service Employees Internat. Union, Local 250 v. Colcord* (2008) 160 Cal.App.4th 362, 369–370 [72 Cal.Rptr.3d 763].) State law must meet or exceed standards adopted under federal law, and California follows the federal salary basis test to a substantial degree. (*Id.* at p. 370, fn. 5.) Federal regulations provide that "An employee will be considered to be paid on a 'salary basis' within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the

---

[3] On appeal, Kettenring does not claim that any part-time adult education teachers teach so little that they earn a monthly salary less than twice the state minimum wage (which was $6.75 at the time of his lawsuit) for full-time employment.

quality or quantity of the work performed. . . . [A]n exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked." (29 C.F.R. § 541.602(a) (2007).)[4]

We are limited to considering the facts stipulated to by the parties for the purpose of determining this "threshold legal issue," as well as the terms of the CBA, which was attached to the stipulation as an exhibit. The stipulation states that Kettenring does not assert that LAUSD has violated the CBA. According to article XIV ("Salaries"), section 32.1 of the CBA, the compensation for all teachers is "annualized and paid in twelve (12) equal monthly installments."[5] The language of the CBA establishes that the adult education teachers receive a "predetermined amount constituting all or part of [their] compensation, which amount is not subject to reduction because of variations in the . . . quantity of the work performed." (29 C.F.R. § 541.602(a) (2007).) The District has thus met its burden to show that the adult education teachers are paid on a "salary basis," and nothing in the stipulated facts indicates that the District has paid the adult education teachers less some months than others.[6]

■ On this record, we conclude that the adult education teachers are paid on a "salary basis" and thus qualify for application of the professional exemption from wage order No. 4-2001.[7] The fact that the CBA takes into consideration as part of the calculation a negotiated hourly rate does not make it other than a salary.

## II. *The Education Code Does Not Prohibit the Payment Structure for Part-time Adult Education*

Kettenring's writ petition requested that the trial court issue a peremptory writ of mandate commanding the District to pay part-time adult education

---

[4] The Division of Labor Standards Enforcement (DLSE) has interpreted "salary" in wage order No. 4-2001 to mean "a predetermined amount constituting all or part of [the employee's] compensation, which totals at least two times the California minimum wage per month, which amount is not subject to reduction because of variations in the quality or quantity of work performed." (DLSE Enforcement Policies and Interpretations Manual (2002) § 51.6.8, p. 51-7.)

[5] Elsewhere, Kettenring concedes that he is paid "in accordance with the applicable CBA."

[6] (Cf. *Clawson v. Grays Harbor Coll. Dist.* (2003) 148 Wn.2d 528 [61 P.3d 1130, 1136–1137] [applying Washington law and the Fair Labor Standards Act to similar teacher pay system and concluding payment method is consistent with salary basis rate of pay].)

[7] At oral argument, Kettenring's counsel conceded that if Kettenring qualified for the professional exemption to wage order No. 4-2001, we did not need to reach the issue whether Labor Code sections 203 and 204 apply to LAUSD. Under those sections, Kettenring sought additional penalties if he prevailed on his claim that LAUSD must pay adult education teachers for the hours they work outside of classroom instruction. Because we hold that the adult education teachers qualify for the professional exemption, we do not address whether Labor Code sections 203 and 204 apply to LAUSD.

teachers for each hour actually spent working rather than for classroom hours only, and damages for back wages during the applicable limitations period. Where, as here, the trial court's ruling on a writ petition determined questions of law where the facts are undisputed, we are not bound by the trial court's decision but may make our own determination. (*Lomeli v. Department of Corrections* (2003) 108 Cal.App.4th 788, 794 [134 Cal.Rptr.2d 179].)

Education Code section 45025 (formerly § 13503.1) provides: "Any person employed by a district in a position requiring certification qualifications who serves less than the minimum schoolday . . . may specifically contract to serve as a part-time employee. In fixing the compensation of part-time employees, governing boards shall provide an amount which bears the same ratio to the amount provided full-time employees as the time actually served by such part-time employees bears to the time actually served by full-time employees of the same grade or assignment. This section shall not apply to any person classified as a temporary employee under Sections 44919 and [44929.25],[8] or any person employed as a part-time employee above and beyond his employment as a full-time employee in the same school district." Kettenring argues that section 45025 requires that the wages of part-time adult education teachers be proportionate to the wages of full-time adult education teachers, and that paying part-time adult education teachers by the hour for only classroom instruction means that their wages are not proportionate.

The District contends that the part-time adult education teachers are temporary employees exempt from the proportionality requirements of Education Code section 45025, which explicitly provides that it does not apply to "any person classified as a temporary employee under Sections 44919 and [44929.25]."

### A. *Under Education Code section 44929.25, part-time adult education teachers are temporary employees*

Education Code section 44929.25, provides: "Notwithstanding any other provision to the contrary, any person who is employed to teach adults *for not more than 60 percent of the hours per week considered a full-time assignment for permanent employees having comparable duties shall be classified as a temporary employee*, and shall not become a probationary employee under the provisions of Section 44954." (Italics added.) Education Code section 44954 describes the circumstances under which temporary employees requiring certification may be released, and is not in issue here. The question before

---

[8] The text of the statute cites to section "44888," an Education Code section that does not exist. The intended reference is to Education Code section 44887, which dealt with tenure of teachers of classes for adults and later became section 44929.25.

us is whether part-time adult education teachers work no more than 60 percent of full time. If so, they are temporary employees under section 44929.25, and are not covered by Education Code section 45025's requirement that their wages be strictly proportional to those of full-time teachers.

Kettenring describes part-time adult education teachers as those teaching up to 18 hours a week. Under the CBA, a full-time assignment is 30 hours a week. Eighteen hours is 60 percent of 30 hours; therefore, the part-time adult education teachers on whose behalf Kettenring argues are working "not more than 60 percent of the hours per week considered a full-time assignment for permanent employees having comparable duties." (Ed. Code, § 44929.25.) The part-time adult education teachers are thus "temporary employees" under section 44929.25, and are not subject to the proportionality requirement of Education Code section 45025.[9]

### B. *Education Code section 44919 need not be considered because Education Code section 44929.25 applies*

Kettenring argues that before part-time adult education teachers can be exempt from Education Code section 45025, they must qualify as temporary employees not under Education Code section 44929.25 alone, but also under Education Code section 44919, which classifies as temporary employees certified adult education teachers who teach "for not more than four school months of any school term." He points to section 45025's provision that the proportionality requirement does not apply "to any person classified as a temporary employee under Sections 44919 *and* [44929.25]." (Italics added.)

In *Peralta Federation of Teachers v. Peralta Community College Dist.* (1979) 24 Cal.3d 369 [155 Cal.Rptr. 679, 595 P.2d 113], our Supreme Court held that the word "and" in the statute did not require that both sections apply before a teacher qualified as a temporary employee. Teachers who met the 60 percent rule of what is now Education Code section 44929.25 qualified as temporary employees whether or not they also met the description of what is now Education Code section 44919: "Since section 13337 [44919] and section 13337.5 [44929.25] each contains its own provisions for temporary classification, not dependent on those of any other section, we construe section 13503.1's [45025] exclusion to apply to employees such as plaintiffs who are classified under section 13337.5 [44929.25] alone." (*Peralta Federation of*

---

[9] Because the part-time adult education teachers are temporary employees exempt from Education Code section 45025, the statute's requirement that employees must be compensated proportionally for "time actually served" does not apply in this case. (Cf. *California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692 [170 Cal.Rptr. 817, 621 P.2d 856] [applying "time actually served" language of § 45025 to teachers who were not temporary employees].)

*Teachers v. Peralta Community College Dist., supra,* 24 Cal.3d at p. 385.) This conclusion is consistent with *Balen v. Peralta Junior College Dist.* (1974) 11 Cal.3d 821 [114 Cal.Rptr. 589, 523 P.2d 629], in which the court held that a long-term teacher who taught 40 percent time was entitled to probationary, not temporary, status because he was hired before the Legislature enacted Education Code former section 13337.5, which is now section 44929.25.

It follows that Kettenring's proposed class of part-time adult education teachers who work no more than 60 percent of full time qualify as temporary employees under Education Code section 44929.25, without regard to whether they are temporary employees under Education Code section 44919's definition. Education Code section 45025 does not apply to the adult education teachers.

## DISPOSITION

The judgment is affirmed. The District is entitled to its costs on appeal.

Mallano, P. J., and Rothschild, J., concurred.

A petition for a rehearing was denied October 27, 2008, and appellant's petition for review by the Supreme Court was denied January 14, 2009, S168295. George, C. J., did not participate therein.